Wyly, J.
On the first of July, 1874, Mrs. Harriet Hooker obtained judgment against John Barrera, but it was not signed until the third *455 day of November following. On tbe twenty-eigbtb of July, 1874, however, she recorded it.
Subsequently, to wit, on the twenty-sixth of August, 1874, Barrera conveyed to plaintiff the property involved in this controversy, which the defendant contends is affected with a judicial mortgage resulting from the registry of her said unsigned judgment.
The question is, did the registry of defendant’s unsigned judgment operate as a judicial mortgage on the property conveyed by Barrera to plaintiff in August, 1874, before said judgment was signed by the judge? We think not. Until signed the judgment was not completed, and it could not operate as a judicial mortgage or have any effect. It is the recording of a judgment that gives a judicial mortgage, and until a final judgment is signed it is no judgment. 5 N. S. 105.
It is therefore ordered that the judgment herein in favor of defendants be annulled, and it is decreed that plaintiff is the owner of the property described in the petition; that the same is not affected with the judicial mortgage set up by the defendants, and that plaintiff’s injunction be perpetuated at the cost of defendant, Harriet Hooker, in both courts.
Rehearing refused.